BENJAMIN B. WAGNER
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>RICKY DAVIS,<br><br>                Defendants. | Case No. 1:12-cr-00056 AWI<br><br>**THE UNITED STATES' SENTENCING MEMORANDUM AND FORMAL RESPONSE TO PRESENTENCE INVESTIGATION REPORT**<br><br>Date: July 20, 2015<br>Time: 10:00 a.m.<br>Judge: Hon. Anthony W. Ishii |

### I.    INTRODUCTION

On February 23, 2012, the grand jury returned a two-count indictment against defendant Ricky Davis ("defendant"), charging him with Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2251(a) [Count One], as well as Attempted Sex Trafficking of a Minor, in violation of 18 U.S.C. §§ 1591(a) and 1594(a) [Count Two]. Doc. 1. On March 25, 2015 and pursuant to a five-day trial, a jury found defendant guilty of both counts charged. Doc. 138. Sentencing was ultimately scheduled to take place on July 20, 2015. Doc. 141.

On June 1, 2015, the government received U.S. Probation's draft Presentence Investigation Report ("draft PSR"). On June 7, 2015, the government submitted its informal response to the draft PSR. As noted therein, the government agreed with its sentencing calculations regarding defendant's conviction regarding Count One, production of child pornography.

Specifically, the draft PSR correctly applied: (1) a base offense level of 32 [USSG § 2G2.1(a)],

**THE UNITED STATES' SENTENCING MEMORANDUM AND FORMAL RESPONSE TO PRESENTENCE INVESTIGATION REPORT**

1

plus (2) the following enhancements: (a) 2-levels because the victim in this case, "Bianca", was between 12 and 16 years of age when this crime occurred in September 2011 [§ 2G2.1(b)(1)(B)], (b) 2-levels because the offense involved defendant's commission of sexual act on Bianca the evening he took sexually explicit photographs of her [§ 2G2.1(b)(2)(A)], (c) 2-levels because offense involved distribution by way of defendant's admittedly posting the sexually explicit photographs of Bianca online within an advertisement offering her for sex [§ 2G2.1(b)(3)], (d) 2-levels because offense involved the use of defendant's computer regarding the online solicitation for sex [§ 2G2.1(b)(6)(B)(ii)], and (e) 2-levels for obstruction of justice pursuant to defendant's calling the victim before trial and trying to persuade her to avoid agents so she could not be served with a subpoena to testify [§ 3C1.1], for an aggregate sentencing level of 42. When applied to defendant's Criminal History Level III, defendant's applicable guideline range pursuant to his conviction for this count alone is 360 months- LIFE.

The one area where the government disagreed with the draft PSR pertained to its grouping of the two counts upon which defendant was convicted pursuant to Guideline Section 3D1.2, which led to US Probation's recommending a concurrent 30-year prison term encompassing both of these counts.

On June 15, 2015, the defense submitted its informal objections to the draft PSR. On June 29, 2015, US Probation submitted its final PSR ("PSR"), which endorsed all but the "use of computer" enhancements as set forth within its original sentencing calculations (for a revised sentencing level downward from 42 to 40), but continued to recommend a sentence of 360-months for each count, and for each count to run concurrently. Doc. 145, p. 16.

## II. APPLICABLE GUIDELINES CALCULATIONS

### A. Defendant's Applicable Guidelines Calculations

#### 1. Production of Child Pornography

As calculated above and for the reasons stated in the *draft* PSR, the proper Guideline calculation regarding defendant's production of child pornography conviction, based on the evidence presented at trial, is 42.

The "use of computer" enhancement should indeed be applied to defendant's sentence. Defendant admitted posting the sexual explicit photos of Bianca online within the MyRedBook advertisement, which the defense re-affirms within page 2 of its informal objections ("Ricky Davis

confessed to taking the pictures of B.M. and posting them on the internet."). In addition, defendant does not object to application of this enhancement. Accordingly, defendant used a computer in committing the offense and this 2-level enhancement. See Draft PSR, para. 24. In light of defendant's Criminal History category being a Level III, his applicable sentencing range regarding his conviction for this count is 360 months- LIFE.

### a. *Obstruction of Justice [USSG § 3C1.1]*

As properly addressed by the PSR, defendant's conduct prior to trial warrants the court's application of the Obstruction of Justice enhancement to his sentence. Section 3C1.1 of the Guidelines provides, in pertinent part, that a defendant who "(1) willfully … attempted to obstruct or impede, the administration of justice with respect to the investigation [or] prosecution … of the instant offense of conviction, and (2) the obstructive conduct related to the defendant's offense of conviction and any relevant conduct…", shall have his offense calculation increased by two levels.

Here, as noted in paragraphs 15 and 16 of the PSR, defendant contacted Bianca from jail on December 7, 2014 and tried to convince her to not be available to testify at his March 2015 trial. As confirmed by Application Note 4(A) of § 3C1.1, defendant's attempt to influence [this prime] witness out of the witness stand warrants application of this enhancement, as does his sister's contacting Bianca on Facebook prior to trial offering money to her if she would recant her statements to law enforcement.

Bianca knew full well defendant's intention in contacting her. As she testified at trial, she was contacted "to say that I lied about everything", and defendant's intent behind this request was for her "to help him." Bianca's Trial Testimony, at 48:3-18.[1]

### b. *Acceptance of Responsibility*

The government agrees with the PSR's recommendation that defendant did not accept responsibility. PSR, at para. 17. While he indeed admitted to taking the sexually explicit photographs of Bianca and posting these photographs within an online advertisement on MyRedBook, his statement was tethered to an "I did not know she was under 18" defense. Defendant maintained this defense throughout trial. Accordingly, no reduction for acceptance of responsibility should be applied to

---

[1] A transcript of this testimony was prepared mid-trial pursuant to defendant's March 19, 2015 request. Doc. 117.

defendant's sentence.

### 2. Attempted Sex Trafficking of a Minor

Pursuant to § 2G1.3(c)(1) of the Guidelines, § 2G2.1 of the Guidelines should be applied "if the resulting offense level is greater than that determined" by § 2G1.3, which is the standard Guidelines provisions that apply to sex trafficking convictions. Here, defendant faces a sentencing level of 42 regardless of which provisions are applied. As noted above, defendant's sentencing level pursuant to the production of child pornography conviction is 42.[2] Application of § 2G1.3 for the attempted sex trafficking conviction yields the same result.

Specifically, the attempted sex trafficking charge would independently warrant a base level 34 [§ 2G1.3(a)(1)], plus 2-levels for undue influence of the minor victim [§ 2G1.3(b)(2)], 2-levels for use of computer device [2G1.3(b)(3),] and 2-levels for commission of sex act [§ 2G1.3(b)(4)]. As with the production count, the 2-levels for obstruction would likewise apply, resulting in an aggregate offense level for each count to be 42 in either respect. Accordingly, defendant's applicable sentencing range regarding each count is 360 months – LIFE.

### B. Since Each of Defendant's Crimes Compounded the Harm Inflicted on Bianca, Defendant Should Not Receive a Concurrent Sentence

The PSR recommends that defendant receive a 30-year sentence with each count to run concurrently to the other. The government disagrees. While it is true that defendant produced sexually explicit photos of a 13 year-old victim and then used these photos while advertising her for prostitution over the Internet later that evening (as he admitted), these crimes did not produce "substantially the same harm" or comprise the "same act or transaction" that victimized this girl as identified in the grouping provision of §§ 3D1.2 and 3D1.2(a).

Defendant's producing the sexually explicit photos of this girl on his bed after having sex with her *itself* comprised a massive harm to her, as confirmed by the applicable enhancements applicable to the production count alone. However, defendant's further advertising her online for prostitution, which led to his "turning her out" as a prostitute within a few days of posting the advertisement, resulted in the

---

[2] As noted in his informal objections dated June 15, 2015, defendant himself disputes none of these enhancements, other than those applicable to acceptance and obstruction.

victim's suffering far greater harm than if she were only photographed. As she testified at trial[3], it was defendant who thereafter first turned her out as a prostitute, which has further harmed her, and damaged her life, to an indescribably higher degree. As a minor (she is still 17) with no ostensible family or friends both willing and capable of providing her with meaningful guidance or support, she continues to struggle with escaping this tragic reality. Additionally, defendant committed these crimes while still in the California Department of Corrections' custody, on parole, pursuant to his prior conviction for the attempted murder of a 14 year-old girl.

Accordingly, in the government's view, the court should not follow a recommendation of concurrent terms, but instead sentence defendant to consecutive terms, at least partially consecutive terms, based on its assessment of the facts of this case. The government will argue for as much at sentencing.

## III. THE GUIDELINES AND § 3553(A) FACTORS SUGGEST THE PARAMETERS OF A <u>REASONABLE SENTENCE</u>

Whereas the Sentencing Guidelines were once "mandatory", they must now be consulted in an "advisory" capacity in that a sentencing court now must also consider factors outlined at 18 U.S.C. § 3553(a). Those factors include:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed

    (A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) To afford adequate deterrence to criminal conduct;

    (C) To protect the public from further crimes of the defendant; and

    (D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) The kinds of sentences available;

---

[3] Bianca testified at trial that, prior to the night she went to defendant's house, she had never been involved in prostitution in any way, nor had anyone asked her to be so involved. Nevertheless, within a few days of defendant's posting the advertisement, she was contacted by someone with respect to her first "date" only "a few days after." Bianca's trial testimony, at 33:3-16.

| | | |
|---|---|---|
| 1 | (4) | The kinds of sentence and the sentencing range established for |
| 2 | | (A) The applicable category of offense committed by the applicable category of defendant as set forth in the Guidelines (I) issued by the Sentencing Commission… |
| 4 | (5) | Any pertinent policy statement - |
| 5 | | (A) Issued by the Sentencing Commission . . . |
| 6 | (6) | The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and |
| 7 | (7) | The need to provide restitution to any victims of the offense. |

Here, consideration of the factors identified within 18 U.S.C. § 3553(a) supports an imprisonment term consistent partially consecutive level-42 guideline ranges.

To wit, Subsections (3) and (4) provide that a court "shall consider . . . the kinds of sentences available" and "the sentencing range established for (A) the applicable category of offense committed by the applicable category of defendant, as set forth in the guidelines." Subsection (5) requires a court to consider "any pertinent policy statement ... issued by the Sentencing Commission."

In addition, Subsection (2) requires the court to consider the need to "reflect the seriousness of the offense", "afford adequate deterrence" and "protect the public." In the case of child exploitation prosecutions, the government has a compelling interest to protect children from those who would exploit them. As justification for the imposition of significant sentences in child exploitation offenses, the Supreme Court has held "the prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance." New York v. Ferber, 458 U.S. 747, 757 (1982).

Furthermore, subsection (6) addresses the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." This makes sense, because imposing a sentence on defendant that is heavier than this court has imposed on those who the government could prove committed similar conduct is unfair to defendant, and a sentence imposed on this defendant that conversely is lighter than others is unfair to previously sentenced defendants.

///

///

## IV. CONCLUSION

The facts underlying defendant's convictions reveal that he took sexually explicit photographs of a 13 year-old minor after sexually abusing her. Defendant engaged in such conduct while on parole pursuant to his prior conviction for his attempted murder of a prior minor female by stabbing her and slitting her throat. Defendant's actions confirm that he will be a menace to society for the duration of his life.

Here, defendant compounded the harm inflicted on Bianca by posting the child pornography he produced of her online within an advertisement for prostitution. As a result of his actions, Bianca was first exploited as a 13 year-old prostitute within the next few days. Four years later, Bianca continues to struggle to extricate herself from this sad reality. The government respectfully requests that the Court therefore sentence defendant partially consecutive terms regarding each of his convictions, resulting in an aggregate term of incarceration of no less than 40 years.

Dated: July 7, 2015

BENJAMIN B. WAGNER
United States Attorney

By: /s/ BRIAN W. ENOS
BRIAN W. ENOS
Assistant United States Attorney